IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MICHAEL A. PARKER | § | |
| VS. | § | CIVIL ACTION NO. 1:25-cv-99 |
| JOHN DOE, ET AL. | § | |

MEMORANDUM OPINION AND ORDER REGARDING VENUE

Plaintiff Michael A. Parker, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against a John Doe doctor and several unidentified security officers. Plaintiff alleges Defendants are employed at a hospital in Galveston, Texas.

Discussion

The Civil Rights Act, 42 U.S.C. § 1981, *et. seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose.

Plaintiff complains of events which occurred in Galveston County, Texas. His claims therefore arose in Galveston County. In addition, Defendants appear to reside in Galveston County.

Pursuant to 28 U.S.C. § 124(b)(1), Galveston County is located in the Galveston Division of the Southern District of Texas. As this case does not appear to have any connection with the Eastern District of Texas, the court is of the opinion this matter should be transferred to the Galveston Division of the Southern District.

**ORDER**

For the reasons set forth above, it is **ORDERED** that this civil rights action is **TRANSFERRED** to the Galveston Division of the United States District Court for the Southern District of Texas.

**SIGNED this the 6th day of March, 2025.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE